[L. A. No. 16167.  In Bank.—June 29, 1937.]

JESSIE M. WHITING, Respondent, v. CITY OF NA-
TIONAL CITY (a Municipal Corporation), Appellant.

M. L. Campbell for Appellant.

O. C. Ludwig and George R. Baird for Respondent.

Jordan L. Martinelli, Samuel W. Gardiner, Ray L. Chesebro, City Attorney (Los Angeles), Frederick von Schrader, Assistant City Attorney, and Burke Jones, Deputy City Attorney, as *Amici Curiae* on Behalf of Appellant.

James V. McCandless and Joe Orloff, as *Amici Curiae* on Behalf of Respondent.

SHENK, J.—The plaintiff sued the city of National City to recover damages for injuries occasioned by a fall when she caught the toe of her shoe in the upraised edge of a cement square in the sidewalk of Ninth Street in said city. The case was tried without a jury, and judgment entered for the plaintiff in the sum of $2,000. The city appealed.

The portion of the sidewalk involved was in a much traveled business district of the city. The court found that the sidewalk was constructed of contiguous cement squares with expansion joints between them; that the square upon which the plaintiff tripped was raised at its easterly edge above the square next adjoining it on the east; that at the highest point of such rise it was about three-quarters of an inch above the surface of the adjoining square and that the rise extended for several feet to the north gradually lessening in height until the surface was approximately level. The court found further that the foregoing condition of the sidewalk had remained unchanged for about six years prior to the time when the plaintiff tripped on it; and that it constituted an unsafe and defective condition in the sidewalk. It also found that during five years preceding the accident, four people had stumbled over the defective area, three of whom had fallen, and that the mayor and several members of the city council, the street commissioner, and two succeeding superintendents of streets of the city had walked frequently over that portion of the sidewalk. It found that the defendant had constructive knowledge and notice of the defective condition of the sidewalk and failed for a reasonable period to remedy the defect; that the defendant was negligent and that its negligence was the sole proximate cause of the plaintiff's injuries.

The city contends that the evidence, even including the personal view of the premises by the court, is insufficient to

support the finding that the sidewalk was dangerously defective so as to impose liability upon the defendant within the meaning of the statute of 1923, page 675; and that pursuant to the recent case of *Nicholson* v. *City of Los Angeles,* 5 Cal. (2d) 361 [54 Pac. (2d) 725], proof of constructive notice is insufficient. There is no proof of actual notice to the city authorities as contemplated by the statute. The plaintiff's injury was the first to result in a claim against the city because of the condition of the sidewalk.

■ It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were otherwise the city could be held liable upon a showing of a trivial defect.

■ The statute of 1923 created a liability unknown to common law, and its application is to be strictly construed against the claim. (See *Cook* v. *Superior Court,* 12 Cal. App. (2d) 608, 611 [55 Pac. (2d) 1227].) This was one of the reasons underlying the decision in the Nicholson case. It was accordingly held in that case that the constructive notice necessary to fasten liability on the city under the statute and the authorities must be constructive notice not only of the condition of the sidewalk, but also of the dangerous character of such condition.

In the present case the gradual rise from nothing to three-quarters of an inch in the pavement had existed for many years in the same condition and in a much traveled portion of the business section of the city. Many people walked daily over the sidewalk at that point. The defect was plainly visible. Its existence was common knowledge in the community. The plaintiff herself knew of it. She tripped over it in the daytime while she was walking toward the exposed side of the rise, without anything to obstruct her vision of the sidewalk area. She had good eyesight, was an excellent walker and frequently walked several miles in a day.

█ From the record herein it must be concluded that the defect in the sidewalk in question was a minor defect; that no injury would ordinarily be suffered therefrom when ordinary care was exercised in using the sidewalk. Many thousands of people, including numerous city officials, had passed over this defect during the five years of its existence and no one had heretofore suffered from it to the extent of seeking redress against the city. █ The city is not an insurer of its public ways and is not bound to keep them so as to preclude the possibility of injury or accident therefrom. We are satisfied that the facts of this case bring it within the rule of the Nicholson case. There it was held that it is not enough to charge the city with constructive notice of the existence of a minor defect in the sidewalk, but that in order to hold the city because of such defect there must also be notice of the dangerous character of such defect before the duty imposed by the statute is created. There is here present no element of conspicuousness or notoriety showing any dangerous character in the slight rise of a portion of a sidewalk, which would put the city authorities upon inquiry or place upon them the duty of remedying the defect or condition pursuant to the provisions of the statute. The holding in the Nicholson case that the continued existence of a minor defect is in itself insufficient to impose liability upon the city for injuries resulting therefrom is recognized as the law in other jurisdictions. (See *Ford* v. *City of Kinsley,* 141 Kan. 877 [44 Pac. (2d) 255] ; *Hammer* v. *City of Philadelphia,* 104 Pa. Super. 119 [158 Atl. 659] ; *Johnson* v. *City of Ames,* 181 Iowa, 65 [162 N. W. 858] ; *City of Dayton* v. *Fox,* 254 Ky. 51 [70 S. W. (2d) 961] ; McQuillin, Municipal Corporations, vol. 7, sec. 2974, and cases cited.) In view of the holding in the Nicholson case and the pertinent authorities elsewhere we conclude that the constructive notice found by the court is insufficient to support the judgment.

No other points need be discussed.

The judgment is reversed.

Curtis, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.