[Civ. No. 6350.   Third Appellate District.—March 12, 1940.]

L. A. SISCHO, Respondent, v. CITY OF LOS BANOS (a Municipal Corporation), Appellant.

F. M. Ostrander, Cooley, Crowley & Supple, Chester O. Hansen and S. P. Galvin for Appellant.

C. Ray Robinson, Willard B. Treadwell and R. R. Sischo for Respondent.

PULLEN, P. J.—This is an action for personal injuries sustained by plaintiff from a fall in the City of Los Banos. As this is the second time this case has been before us we need not again repeat the facts which are very fully set forth in our opinion in *Sischo* v. *City of Los Banos*, 26 Cal. App. (2d) 642 [80 Pac. (2d) 116, 1020].

Upon the first hearing plaintiff recovered a judgment which was reversed upon various grounds, one of which was that the injuries sustained did not arise from, or depend upon any unsafe condition in the sidewalk of the City of Los Banos, but was due to the slipping of the plaintiff upon tiling in a store entrance upon private property.

It was also there held that the change of grade in the sidewalk was so slight that it became a matter of law as to whether or not the city was maintaining a public nuisance, and thirdly, that there was no testimony in the record showing actual notice to the superintendent of streets, whose duty it was to look after and maintain the sidewalks in the City of Los Banos, nor is there anything in the record from which constructive notice might be inferred. The evidence upon this point in the present record is not substantially different from that at the former hearing.

As to the first point in the former decision, that is, that the proximate cause of plaintiff's fall and injury was the slipping on the wet tile entrance to the store, and not upon the sidewalk, the facts now before us are practically the same as then considered, except that in this appeal it was established that an additional 1¼ inches of cement walk lay within the property line of the property owner.

The verified claim of plaintiff upon which this action is based alleged that he was injured "by slipping upon the entrance to the clothing store of F. H. Cronwell—and the public street in front of said clothing store . . . ". The trial court found that "plaintiff started to leave said premises by the front entrance; that while on the tile entrance or exit . . . plaintiff's left foot slipped ·. . . ".

The second point determined in the former decision was that even had plaintiff slipped upon the sidewalk, the city could not be held liable therefor, for, as a matter of law, the defect, if any, was so slight that no public hazard was maintained. Upon this question the evidence is the same as in the former trial.

The unchangeable fact remains that the sidewalk in question was a smooth trowel finish slab of concrete with a slope so slight as to be practically imperceptible to a casual observer, being of an average slope of approximately 58/100 of an inch to the foot. Such fact seems to bring this case within the rule laid down in *Whiting* v. *National City,* 9 Cal. (2d) 163 [69 Pac. (2d) 990], where the court remarked that it was a matter of common knowledge that a sidewalk could not be maintained in perfect condition; that minor defects were bound to exist, and that a city could not be expected to maintain its sidewalks free from all inequalities and from every possible obstruction to travel. A minor defect is not

always a question of fact, for otherwise a city could be held liable upon a showing of a trivial defect; also the situation in *Stone* v. *Town of Attleborough,* 140 Mass. 328 [4 N. E. 570], is quite similar to the facts here in evidence.

The facts as adduced at the trial in the second action, which is now before us, are practically the same as were before the court in the first appeal. The only material change in the evidence upon the second trial was the fact that the property line in front of the property where the accident occurred, extended from 1¾ inches to 1⅞ inches beyond the line of the tile entrance to the store. In other words, a strip of cement sidewalk of that dimension was within the property line.

Inasmuch as the evidence in the present record is not substantially different from the former record as to any of the principles enunciated by the court, the rule of the law of the case must be applied. (*Estate of Baird,* 193 Cal. 225 [223 Pac. 974] ; *Hoffman* v. *Southern Pac. Co.,* 215 Cal. 454 [11 Pac. (2d) 387] ; *United Dredging Co.* v. *Industrial Acc. Com.,* 208 Cal. 705 [284 Pac. 922].)

We do not believe it is necessary to comment upon the objections made to certain findings as being contradictory and insufficient, nor do we need to pass upon the fact as urged by appellant that the final judgment in favor of the street superintendent, dismissing him from the action, was a bar to the recovery against appellant. What we have said as to the law of the case is sufficient to compel this court to direct a judgment in favor of appellant. The judgment is therefore reversed, and the trial court directed to enter judgment in favor of the City of Los Banos.

Thompson, J., and Tuttle, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1940. Carter, J., voted for a hearing.