[Civ. No. 11814. First Dist., Div. One. Apr. 25, 1942.]

HELEN CLARKE, Appellant, v. FOSTER'S INC. (a Corporation) et al., Respondents.

Joseph A. Brown and Peter A. Breen for Appellant.

Bronson, Bronson & McKinnon for Respondents.

WARD, J.—This is an appeal from a judgment in favor of defendants, rendered by the court sitting without a jury, in a personal injury action based upon their alleged negligence in failing to maintain the doors of a sidewalk elevator in a condition to comply with section 238 of the San Francisco Building Laws known as Ordinance 1008 (New Series).

The plaintiff alleged that she slipped, fell and was injured while walking over said sidewalk elevator, negligently maintained, in front of defendants' place of business. The sidewalk in which said elevator was installed slopes slightly from west to east, in which direction the plaintiff was walking. It had been raining and the sidewalks were wet. There is testimony that while the elevator doors, studded with buttons a few inches apart, conform fairly evenly with the general slope of the sidewalk, there is, at the spot where plaintiff fell, at the east side of the easterly door, between the hinges, a slight unevenness between the leaf of the door and the rim thereof, also a slight unevenness between the rim and the sidewalk proper, the total variation being 7/16 of an inch from absolutely flush with the sidewalk. Also, where the two doors come together, and extending over part of the middle of the eastern door is a slight bulge varying from 3/16 to 3/8 of an inch. It is plaintiff's contention that when crossing the elevator, about in the middle, she slipped on this bulge a distance of approximately six inches and then caught her foot in the 7/16 of an inch variation at the east side of the easterly door.

Section 238 of said building ordinance in part provides: "It shall be unlawful for any person, firm or corporation to construct, operate or use, or cause to be constructed, operated or used any sidewalk elevator unless the . . . sidewalk openings of such sidewalk elevators, be covered with substantial iron doors . . ., as nearly flush with the upper surface of the sidewalk as will permit proper drainage."

The court found that the variations "are minor and trivial defects . . ., that neither of said defendants were guilty of negligence" and "that any injuries received by plaintiff at the time and place alleged in plaintiff's complaint were proximately contributed to by the negligence and carelessness of plaintiff herself in the premises."

■ Appellant contends that in view of the evidence there was a violation of the ordinance in the failure to perform a duty imposed by law, and that such violation was negligence *per se.* In the present case an ordinance is involved, the terms whereof must receive a reasonable construction in accordance with the purpose of the framers of the law as evidenced by its provisions. It would appear that the purpose of the ordinance is protection against open shafts or elevator openings by the installation of substantial iron doors or gratings over such sidewalk openings "as nearly flush with the upper surface of the sidewalk as will permit proper drainage." There is evidence that the doorway herein was "pretty fairly even with the grade of the sidewalk." If this interpretation of the ordinance is correct, that is, that the iron doors after slight warping permitted proper drainage, there would be no violation of the terms of the ordinance, which answers appellant's argument that the ordinance in question was violated because the doors were not perfectly and absolutely flush with the surrounding sidewalk, and that such alleged violation was negligence *per se.* There is no provision in the ordinance that the doors shall be perfectly flush with the sidewalk, only that no variation shall be permitted greater than is necessary to insure proper drainage.

However, even if this is not the correct interpretation of the ordinance, and if it be conceded that the ordinance does require that sidewalk doors shall be perfectly flush with the sidewalk, in which event the defendants would be guilty of a technical violation of the ordinance, and so guilty of negligence *per se,* such concession in no way assists appellant. The trial court found that such negligence was not a proximate cause of the accident.

■ Irrespective of the ordinance, there is of course an obligation in the construction and use of a sidewalk doorway to an elevator area, to maintain it with due regard to the safety of the public using such doors as an integral part of the sidewalk.

■ The precise extent of this obligation presents the main problem herein, but, assuming the ordinance imposed a duty,

in addition to that of constructing the doors of an elevator so as to provide adequate drainage, to make it safe also as a passageway, so that we are confronted with a technical violation of its terms, it has been held that a fact which will excuse a technical violation must result from causes or things beyond the control of the person charged with the violation. (*Gallichotte* v. *California Mut. etc. Assn.*, 4 Cal. App. (2d) 503 [41 P. (2d) 349].) Trivial defects, such as the expansion or contraction of metals, ordinarily bound to occur despite the exercise of ordinary care, may be beyond the control of the party responsible. In *Whiting* v. *City of National City*, 9 Cal. (2d) 163, 165 [69 P. (2d) 990], the court said: "It is a matter of common knowledge that it is impossible to mainmain a sidewalk in a perfect condition. Minor defects are bound to exist." In *Dunn* v. *Wagner*, 22 Cal. App. (2d) 51, 54 [70 P. (2d) 498], the court said: "In our opinion the claimed defect was a trivial one and was insufficient to show negligence in the maintenance and construction of the sidewalk or that it was a public nuisance."

It has been held that a minor defect is not always a question of fact (*Sischo* v. *City of Los Banos*, 37 Cal. App. (2d) 717 [100 P. (2d) 305]) upon the theory that a sidewalk could not possibly be maintained free from all inequalities and every possible obstruction to travel, and that when an irregularity or change in grade is so slight as to be hardly perceptible, it becomes a question of law whether a public hazard has been created. (*Sischo* v. *City of Los Banos*, 26 Cal. App. (2d) 642 [80 P. (2d) 116, 1020].) This rule does not seem to have been generally followed. (*Ackers* v. *City of Los Angeles*, 40 Cal. App. (2d) 50 [104 P. (2d) 399]; *Allen* v. *City of Los Angeles*, 43 Cal. App. (2d) 65 [110 P. (2d) 75].) ▮ The question whether an ordinance or statute is applicable is a matter of law, but whether trivial defects were the cause of an accident, and, if so, whether the party responsible therefor is excusable under all the facts and circumstances of a given case are questions of fact. (*Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal. App. (2d) 674 [102 P. (2d) 422, 104 P. (2d) 26].) ▮ Assuming that the ordinance was applicable to the facts of this case, whether such violation was the proximate cause of the injury was a question of fact. (*Murphy* v. *St. Claire Brewing Co.*, 41 Cal. App. (2d) 535 [107 P. (2d) 273].)

The record discloses substantial evidence upholding the

finding that "no act or omission on the part of said defendants, or either of them, proximately contributed to plaintiff's fall and injuries." It is not necessary to determine whether plaintiff was contributorily negligent.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 22, 1942.