[Civ. No. 14906. Second Dist., Div. Two. Sept. 17, 1945.]

MABLE L. ROBSON et al., Appellants, v. UNION PACIFIC RAILROAD COMPANY (a Corporation), et al., Respondents.

William Dellamore and Joseph W. Pierce for Appellants.

Jonathan C. Gibson and H. K. Lockwood for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the granting of their motion for a directed verdict in an action to recover damages for personal injuries, plaintiffs appeal.

On December 17, 1942, at approximately 5 p. m., plaintiff Mable L. Robson, whose husband is her coplaintiff, was in the act of entering the waiting room of the Los Angeles Union Station for the purpose of buying a ticket and then boarding a train from Los Angeles to San Bernardino. A portion of the floor of the premises immediately outside of the entrance to the station was surfaced with red Padre tile in blocks about six inches square. One of these tiles immediately adjacent to the sill of the door by which Mrs. Robson undertook to enter the building was chipped.[1] The diameter of the chip was approximately two inches. At its deepest point, which was adjacent to the sill of the door, it was one-fourth inch deep and approximately one inch wide. This chip in the tile had existed two or three months prior to the date of the accident hereinafter described. Plaintiff was wearing shoes with Cuban heels.[2] She stepped with her left foot upon the depression in the tile, then took one step into the doorway with her right foot, and while in the act of putting her left foot forward to take another step her foot was caught, which gave her a jerk causing her to fall.

The principal question in this case will be discussed in light of the following general rules which are here applicable.

[1] It was stipulated at the time of the trial that defendants' Exhibit A which is attached hereto and made a part of this opinion was a true and correct representation of the portion of the floor of the Union Passenger Terminal upon which the plaintiff Mable Robson claimed to have stepped and fallen on December 17, 1942.

[2] Attached hereto and made a part hereof is the left shoe of defendants' Exhibit E which is a shoe plaintiff Mable Robson was wearing at the time of the accident.

 (1) A directed verdict is permissible only when, disregarding conflicting evidence, conceding as true all of plaintiffs' evidence and indulging every reasonable inference favorable to the plaintiffs which may be drawn therefrom, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff, if such verdict were given. (*Estate of Yale,* 214 Cal. 115, 124 [4 P.2d 153]; *Estate of Caspar,* 172 Cal. 147, 150 [155 P. 631].)

 (2) A railroad is not an insurer of the safety of its station premises, but is required to exercise only ordinary care as to invitees. (*Falls* v. *San Francisco & N. P. R. Co.,* 97 Cal. 114, 119 [31 P. 901]. See, also, *Sanchez* v. *Pacific Auto Stages,* 116 Cal.App. 392, 396 [2 P.2d 845]; 44 Am.Jur. (1942) § 429, p. 648; 52 C.J. (1931) § 2165, p. 612.)

The rule is accurately stated in 10 Corpus Juris (1917) section 1341, page 916, as follows:

"The care required of the carrier for the protection of a passenger on its premises involves reasonable care to provide and maintain safe and adequate stations, platforms, walks, steps, and landings for use in waiting for, approaching, and leaving trains or other means of conveyance in which the transportation is to be, or has been, furnished; and it is liable for injuries caused by defects which are known, or ought to be known, but not for those caused by mere depressions or irregularities of which it has no knowledge as being of a dangerous character."

 (3) Where there is not any conflict in the evidence and reasonable minds cannot differ as to the conclusion to be drawn from such evidence, it is a question of law for the determination of the trial judge, and not a question of fact, whether a defect in a sidewalk is or is not a trivial defect. (*Whiting* v. *City of National City,* 9 Cal.2d 163, 165 [69 P.2d 990]; *Clarke* v. *Foster's Inc.,* 51 Cal.App.2d 411, 414 [125 P.2d 60]; *Sischo* v. *City of Los Banos,* 37 Cal.App.2d 717, 718 [100 P.2d 305].)

 (4) A defendant is not liable for injuries resulting from minor defects in a sidewalk. (*Whiting* v. *City of National City, supra,* at 165; *Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361, 365 [54 P.2d 725].)

 This is the specific question presented for our determination:

*Did the defect in the tile in the doorway leading into the Union Station constitute a minor defect in the sidewalk?*

This question must be answered in the affirmative. The facts are undisputed. The defect in the sidewalk in the entryway to the Union Station is evidenced by defendants' Exhibit A. This exhibit discloses that the defect was only two inches in diameter and sloped from the level of the floor on one side to a depth of not to exceed one-fourth of an inch for a distance of not to exceed one inch on the opposite side of the depression. Hence it is apparent that reasonable minds could reach only one conclusion, to wit, that the defect in the sidewalk was a minor and trivial one and therefore it was the duty of the trial judge under rule 3, *supra,* to determine the matter as a question of law. Since the defect was a minor one, defendants were not liable under rule 4, *supra,* for the unfortunate accident which occurred and the trial judge properly granted their motion for a directed verdict.

This conclusion is further borne out by the fact that there is a total absence of any evidence that any accident caused by the defect occurred during the three months' period it is stipulated that the defect existed.

Our conclusion is fully supported by the decisions of our Supreme Court and Appellate Courts.

In *Nicholson* v. *City of Los Angeles, supra,* our Supreme Court reversed a decision in favor of plaintiff and held that a crack at one of the joints between the panels in a sidewalk, where the difference in grade at the break was not more than an inch and a half, constituted a minor and trivial defect for which the defendant was not liable.

In *Whiting* v. *City of National City,* 9 Cal.2d 163 [69 P.2d 990], a judgment in favor of plaintiff was likewise reversed by our Supreme Court, the court holding that where the defect consisted of a difference in elevation between two contiguous squares in a sidewalk of about three-quarters of an inch such defect was a minor and trivial defect. Mr. Justice Shenk said at page 165:

"It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalk free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were otherwise the city

could be held liable upon a showing of a trivial defect.''

In *Clarke* v. *Foster's Inc.,* 51 Cal.App.2d 411 [125 P.2d 60], the District Court of Appeal affirmed a judgment in favor of defendants, holding that a defect consisting of a bulge in the doors of a sidewalk elevator approximately six inches long and 7/16 of an inch in depth was a trivial defect.

In *Van* v. *Teche Lines, Inc.* (La.App.), 164 So. 267, the Court of Appeal in Louisiana, in affirming a judgment in favor of defendant, held that maintenance of the floor in a bus station with a difference in elevation of three inches between the floor of the dressing room and the floor of the station did not constitute negligence and defendant was not liable for injuries to plaintiff sustained therefrom.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 15, 1945. Carter, J., voted for a hearing.