° [Civ. No. 19024. Second Dist., Div. Two. Oct. 8, 1952.]

LOTTIE GRAVES, Appellant, v. MARCEL ROMAN et al.,
Respondents.

Adams, Duque & Hazeltine and A. Andrew Hauk for
Appellant.

Jennings & Belcher, William F. Clements, Moss, Lyon &
Dunn, Gerold C. Dunn and Henry F. Walker for Respondents.

MOORE, P. J.—Appellant sued to recover damages for in-
juries allegedly received while she was on the premises of
defendants as invitee. A judgment of nonsuit was awarded
and entered in favor of American Building Maintenance Com-
pany, and after a verdict had been entered in favor of plain-
tiff against defendants Roman, Glazer and Lindenbaum, the
court pursuant to defendants' motion entered judgment in
their favor notwithstanding the verdict. The appeal is from
the judgment of nonsuit and the judgment notwithstanding
the verdict.

Appellant was severely injured when she caught her foot
and fell to the floor upon leaving an elevator in the lobby of

an office building owned by respondents Roman, Glazer and Lindenbaum. She testified that she rode down in the elevator after a visit to her physician on an upper floor; she proceeded out of the elevator and after taking one or two steps forward her toe kicked something which gave a metallic sound; this caused her to fall on her left hip and side.

The lobby floor was marble with linoleum pieces which were recessed in front of each of the elevators. The linoleum pieces were the width of the elevator doors and extended out from the elevators a distance of approximately 30 inches. A brass stripping bordered the linoleum which covered the space between linoleum and marble. The stripping was generally flush with the marble, but in some places in front of the elevator was raised a maximum of one-eighth inch above the adjacent linoleum.

Contending that the maintenance of such allegedly dangerous condition constituted negligence proximately causing her injuries, appellant instituted this action against the owners of the building and American Building Maintenance Company, the organization which supplied janitorial and elevator service to the premises. In pursuit of a reversal, appellant recites the proof of the height differential between the metal strip and the linoleum, of the carelessness on the part of respondents in maintaining and inspecting their building, of the failure of the manager and owners to do any maintenance work of any kind on the linoleum and metal stripping, and of their failure to look for defective conditions. Also, she contends that the day man never did look at or do anything with respect to the linoleum and metal stripping and that he never saw any maintenance work being done. Dr. Clegg, a tenant, testified that he was in the building daily but had never noticed any inspection or repairs of the linoleum.

On the other hand, respondents urge that this maximum rise of one-eighth inch constitutes a minor and trivial defect which as a matter of law affords no basis for a recovery. The authorities clearly support such contention. In a series of appellate decisions with respect to the alleged negligence of municipalities and others for damages arising from injuries sustained by reason of defective sidewalks, it is held that where the defect is slight there is no liability cast upon the owner of the premises. *(Whiting* v. *City of National City,* 9 Cal.2d 163, 166 [69 P.2d 990]; *Meyer v. City of San Rafael,* 22 Cal.App.2d 46, 50 [70 P.2d 533]; *Dunn* v. *Wagner,* 22 Cal. App.2d 51, 54 [70 P.2d 498]; *Balmer* v. *City of Beverly Hills,*

22 Cal.App.2d 529, 531 [71 P.2d 854].) In each instance the issue was concerned with the difference in elevation between adjoining sections of sidewalk where the rise varied from one-fourth inch to one inch and in each instance the court held the defect to be minor and trivial and as a matter of law not such as to impose liability upon the owner for injuries thereby sustained by the plaintiff.

In *Robson* v. *Union Pacific R. Co.*, 70 Cal.App.2d 759 [161 P.2d 821], this court affirmed a judgment entered upon a directed verdict for the defendant where the plaintiff fell as a result of having caught her heel in a chipped place in the tile flooring in front of the entrance to defendant's waiting room. The chipped area was approximately two inches in diameter and one-fourth inch deep. There it was held as a matter of law that "the defect in the sidewalk was a minor and trivial one" for which "defendants were not liable."

Such authority is controlling in the case at bar. A thorough reading of the testimony in the record and a scrutiny of the exhibits compel the conclusion that the alleged dangerous condition in respondents' linoleum and metal stripping was merely a trivial defect. To assess liability on these defendants for the slight depressions existing in the strip concerned, a difference in elevation of one-eighth inch at its maximum variation, would be to permit the trier of fact to determine an owner of a building to be the absolute insurer of his invitees' safety. If such were the rule, it could result in severe oppression to owners of buildings visited by the public. Such is not the law. (*Robson* v. *Union Pacific Ry. Co.*, *supra*, 761.)

Appellant seeks to distinguish these "trivial defect" authorities on the ground that they are all "sidewalk" cases involving municipalities, and hence deal with the plaintiff's problem of demonstrating that the city had express or constructive notice of the condition. (See *Nicholson* v. *City of Los Angeles*, 5 Cal.2d 361 at 363 [54 P.2d 725].) It is argued that the courts there were only concerned with whether the defect had "a sufficient appearance of danger to put the city on constructive notice." The obvious answer to appellant's argument is the Robson decision where no notice problem was involved and where the defendant was not a municipality. (See, also, *Clarke* v. *Foster's Inc.*, 51 Cal.App.2d 411 [125 P.2d 60].) The authorities disclose that the underlying basis of the decisions is a practical recognition of the impossibility of maintaining heavily travelled surfaces in a perfect condition

and that minor defects such as differences in elevation are bound to occur in spite of the exercise of reasonable care by the party having the duty of maintaining the area involved.

The decisions relied upon by appellant are factually distinguishable, the majority involving foreign substances allowed negligently to remain in the path of the injured patron. Others such as *Blumberg* v. *M. & T. Inc.*, 34 Cal.2d 226 [209 P.2d 1.] ; *Neel* v. *Mannings*, 19 Cal.2d 647 [122 P.2d 576] ; *Morton* v. *Manhattan Lunch Co.*, 41 Cal.App.2d 70 [106 P.2d 212], are likewise factually distinguished. In those decisions either the court failed to consider the trivial nature of the defect, or they involve situations where such contention could not reasonably have been made.

The appeals from the orders are dismissed and the judgments are affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied October 23, 1952, and appellant's petition for a hearing by the Supreme Court was denied December 4, 1952. Carter, J., was of the opinion that the petition should be granted.