[Civ. No. 4790. Fourth Dist. Dec. 1, 1954.]

RUTH E. WAHLEN, Appellant, v. H. A. CASTLEMAN et al., Respondents.

Taylor F. Peterson for Appellant.

Crider, Tilson & Ruppe, Swing & Gillespie and King & Mussell for Respondents.

BARNARD, P. J.—This is an appeal from a judgment after the granting of motions for a nonsuit.

The action was brought on September 17, 1951, against H. A. Castleman, E. E. Hanson, and certain fictitious defendants. The complaint alleged that Castleman was the owner of a building on the west side of Crest Road in Crestline, and Hanson was the tenant of another building on the west side of that road; that on August 12, 1951, the defendants negligently suffered and permitted rocks and gravel to accumulate, to be spread upon, and to remain upon the portion of Crest Road in front of these buildings, so that the same were dangerous to pedestrians passing over that portion of the said roadway; that Crest Road is a public street and the portion thereof nearest to these buildings was habitually used by pedestrians; that on August 12, 1951, while passing along said roadway in front of said buildings the plaintiff stepped upon some of said rocks and gravel which caused her to fall, whereby she sustained certain injuries; that plaintiff is in doubt as to whether she is entitled to redress from Castleman or from Hanson, or from the fictitious defendants; and that all of said defendants have been joined so that it may be determined whether all or any of them are liable and to what extent. Four months later, the complaint was amended by inserting the names of Cliff Herington and C. D. Chalker as defendants sued by fictitious names.

The defendant Castleman appeared by answer, and the case was later settled as to him. On September 28, 1953, the action came on for trial as against the defendants Hanson, Herington and Chalker, who will be referred to as the respondents. After a jury was impaneled counsel for plaintiff made an opening statement, stating that he would go into "all of the testimony of the witnesses as they would appear on the stand." He then said that the evidence would show that the plaintiff lived at Crestline; that on the afternoon in question she was walking along Crest Road; that the only place for pedestrians to walk was between the parked automobiles and the buildings; that at the point in question there was no sidewalk; that a month or so before the accident Mr. Chalker had been engaged by Mr. Castleman to do some work on a fireplace in his building; that Chalker brought two yards of gravel "upon the job" for this purpose; that the jury was going to have to decide how that gravel got out into the street; that for at least a week or more before the accident the gravel had been between the parked cars and the building where the public had to walk; that as the plaintiff came along she stepped upon "one of these pieces of gravel or

more than one piece maybe and it turned under her and threw her violently to the pavement, causing her to have a broken ankle''; and that ''It may well be that one or more of the defendants in the case are not liable and it may be that they are all liable, that is a matter you are going to have to decide on the basis of the evidence.''

The attorney for Hanson made an opening statement saying that the evidence would show that Hanson moved into one of these buildings early in May, 1951; that he put a sidewalk out in front of his café prior to May 20, when the café was opened; that after that date he kept the area in front of his premises cleaned as thoroughly as possible; and that this accident occurred at a point some 30 to 40 feet away from the property line of the premises occupied by Hanson. During the argument on these motions plaintiff asked leave to amend the complaint by interlining the word ''caused'' following the word ''negligently'' and before the word ''suffered.'' Permission to make this amendment was refused. All three of the respondents then moved for a nonsuit and each of these motions was granted. No offer of proof was made, and there was no suggestion that any evidence was available other than that suggested by the opening statements.

The appellant contends that the conduct of the respondents amounted to a nuisance under section 3479 of the Civil Code; that the allegations of the original complaint, to the effect that the accumulation and spreading of the rocks and gravel were dangerous to persons passing upon that portion of the street in front of these properties, sufficiently disclosed a breach of the duty thus resting upon the respondents; and that it follows that the original complaint stated a cause of action. It is further contended that the court erred in refusing to permit the amendment of the complaint by inserting the word ''caused,'' since this would have sufficiently alleged that the respondents had breached an affirmative duty resting upon them.

This accident happened on an unpaved street in a small town at a point where there was no sidewalk. The allegation that the defendants permitted gravel to accumulate, to be spread upon, and to remain on such a road is not sufficient to allege a nuisance within the meaning of section 3479 of the Civil Code and does not, in itself, indicate an unlawful obstruction to the free use of a street. Gravel is frequently used for the purpose of improving a street or road, and to make it more serviceable. A small amount of

gravel spread over a street might conceivably call for the use of some care on the part of a pedestrian, but would at most constitute a minor defect which would not give rise to liability in the absence of definite allegations and proof of a resulting duty resting on the defendant and of a breach of that duty. (*Whiting* v. *City of National City,* 9 Cal.2d 163 [69 P.2d 990].) The effect of the allegations of this complaint was lessened, and not improved, by the opening statements as to what could be expected from the evidence. It clearly appears that this accident happened near the building owned by Castleman, who preferred to settle the case rather than contest the question as to his liability. It was pointed out specifically that the jury would have to determine how "that gravel" (from Castleman's place) got out into the street. Chalker is said by the appellant to have brought some gravel upon Castleman's property a month or so before, and it is merely claimed that some of that gravel had been out on the street for about a week before the accident. Nothing appears to suggest any liability on the part of Chalker. There was a sidewalk in front of the property occupied by Hanson where the appellant could have safely walked. Nothing is indicated by the complaint, or by the opening statement, which would connect him with a small piece of gravel coming from another source, which the appellant stepped on at a point some 30 or 40 feet away from his premises. Nothing is alleged, or referred to in the opening statement, which would in any way tend to connect the respondent Herington with the accident. It would appear from his opening statement that counsel for the appellant knew of no evidence which would connect any of the respondents with the accident, but that he hoped something might develop which would lead to a verdict against one or more of the respondents. No violation of duty on the part of any of these respondents was alleged.

Not only would the proposed amendment have added little, if anything, to the allegations of the complaint as enlarged by the opening statement of what the appellant expected the evidence to disclose, but this amendment was offered more than two years after the complaint was filed. No explanation for this delay was made and no offer of proof or suggestion was made that other facts were available which would in any way strengthen the appellant's case, as theretofore disclosed by the pleadings and the opening statements. There was no offer to plead or prove any negligent act on the

part of these respondents. Under these circumstances, neither error nor abuse of discretion appears in denying the belated request to amend.

On the record before us, it clearly appears that it would have been the duty of the trial judge to grant a new trial in the event a verdict for the plaintiff should be returned, and in such a situation the respective motions for a nonsuit were properly granted.

The judgment is affirmed.

Griffin, J., concurred.

Mr. Justice Mussell, being disqualified, takes no part in this decision.