[Civ. No. 19841. First Dist., Div. Two. Jan. 16, 1962.]

LULU C. JOHNSON, Plaintiff and Respondent, v. CITY OF PALO ALTO, Defendant and Appellant.

Robert E. Michalski, City Attorney, and Stanley R. Norton, Assistant City Attorney, for Defendant and Appellant.

Robert Morgan and Morgan, Beauzay & Holmes for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant City of Palo Alto appeals from a judgment for plaintiff in the sum of $6,081.14. The amount of damages is not in question.

Plaintiff Lulu Johnson sustained injuries as the result of a fall on a public sidewalk in front of a residence at 1105 Lincoln Avenue in the City of Palo Alto.

The undisputed facts are as follows: At approximately 9:30 p. m. on September 23, 1958, plaintiff was walking in a southerly direction on the sidewalk along Lincoln Avenue. She was going from her home at 1175 Lincoln Avenue to the mailbox which was located on the corner of Lincoln and Forest Avenues, a distance of approximately ¾ of a block from her residence. Plaintiff testified that although she had resided at 1175 Lincoln Avenue for about six months, she never had the occasion to walk to the mailbox at Lincoln and Forest before. Plaintiff's testimony further revealed that at the time in question, the street lights were on but the leaves on the trees partially shaded the sidewalk, causing it to be shadowy. Plaintiff was carrying nothing but three letters to be mailed, and was walking slowly, wearing comfortable, close-fitting shoes. She tripped in front of 1105 Lincoln Avenue on a raised portion of the sidewalk and fell, sustaining a bruised knee and other minor bruises. She stated that when she fell she was walking in the middle of the sidewalk.

The evidence revealed that the condition of the sidewalk at the time of the injury was such that there was a difference in height between two adjoining edges of sidewalk. The height differential was between ½ and ⅝ inch. Plaintiff identified a photograph, which was admitted into evidence, and stated that it represented the place where she tripped and the condition that existed at the time she fell. Other witnesses testified that the sidewalk had been in the condition plaintiff pointed out in the photograph since 1957, and that the sidewalk had broken places in it a month before the accident.

The evidence further revealed that defendant city had conducted a sidewalk survey in February of 1955 and had discovered a sidewalk defect at 1105 Lincoln Avenue. The official records of defendant city contained the notation that the sidewalk was buckled by a sycamore tree and constituted a trip hazard. It was also noted that the defect had been patched.

Upon this set of facts, the court, sitting without a jury, rendered judgment for plaintiff.

The law applicable to the type of injury herein sustained provides that a municipality shall be liable for injuries resulting from a dangerous or defective condition of the public streets in all cases where, having notice or knowledge of the condition, those persons having authority to remedy it fail, within a reasonable time, to do so. (Gov. Code, §§ 53050, 53051.)

Appellant contends that all of the elements of liability required by the Government Code sections were not present in the instant case. It is appellant's position that the condition giving rise to the injury was not dangerous or defective and that even if it were a dangerous or defective condition, the city was not on notice of this fact and thus was not liable.

The rule is well established that a municipality is not liable for injuries resulting from defects in a sidewalk which are so slight or trivial that they cannot reasonably be anticipated to cause accidents. (*Whiting* v. *City of National City* (1937) 9 Cal.2d 163 [69 P.2d 990]; *Balkwill* v. *City of Stockton* (1942) 50 Cal.App.2d 661 [123 P.2d 596].) If the condition is clearly trivial, then it is not dangerous or defective, and as a matter of law, the city is not liable. (*Gentekos* v. *City & County of San Francisco* (1958) 163 Cal.App. 2d 691 [329 P.2d 943].) On the other hand, however, the public is entitled to be protected from even small defects if injury is likely to result from them (*Barrett* v. *City of Sacramento* (1933) 128 Cal.App. 708 [18 P.2d 356]), and "The fact that a person has been proximately injured as a result of the defect is some indication that the condition is dangerous or defective. (*Balkwill* v. *City of Stockton*, 50 Cal.App.2d 661 [123 P.2d 596]; *Bauman* v. *City & County of San Francisco*, 42 Cal.App.2d 144 [108 P.2d 989]; see generally 35 Cal.Jur. 2d, pp. 296 to 305, §§ 511 to 518.)" (*Gentekos* v. *City & County of San Francisco, supra,* at p. 697.)

The court in the *Gentekos* case further stated that

if reasonable minds could differ as to whether the condition was dangerous or defective, then such defect could not be considered trivial as a matter of law. ■ In determining whether or not the condition is dangerous or defective, or merely trivial, all of the circumstances surrounding the condition must be considered in the light of the facts of the particular case. (*Beck* v. *City of Palo Alto* (1957) 150 Cal. App.2d 39 [309 P.2d 125].) ■ In the case at bar, the height differential was slight, namely, ½ to ⅝ of an inch, and in many cases an even greater differential has been held to constitute a trivial condition as a matter of law. (*Whiting* v. *City of National City, supra*; *Balmer* v. *City of Beverly Hills* (1937) 22 Cal.App.2d 529 [71 P.2d 854]; *Sischo* v. *City of Los Banos* (1940) 37 Cal.App.2d 717 [100 P.2d 305].) However, in the present situation, there were other factors, namely, this was respondent's first sojourn down Lincoln Avenue in this particular direction; the accident occurred at night and the sidewalk was shadowy because of overhead trees; further, the evidence reveals that respondent was walking slowly and apparently did not contribute to the accident in any way. Bearing in mind these circumstances, it would seem clear that reasonable minds could differ as to whether or not the condition was dangerous or defective, or merely trivial. In such a situation, the question was properly one for the trier of fact, and the determination in favor of respondent cannot be overturned on appeal.

■ Appellant's second and final contention is that the evidence was insufficient to support a finding that it had notice, either actual or constructive, of the existence of the defect. This contention may not be upheld. The evidence establishes that appellant city learned of a sidewalk defect at 1105 Lincoln Avenue through a survey conducted in 1955. Appellant city's official records contain the notation that the sidewalk at 1105 Lincoln was buckled by a sycamore tree and constituted a trip hazard; the records also indicate that the defect was patched. Certainly under such facts the trial court was entitled to find that the defect was not in fact repaired or that the repairs made did not remove the difficulty. Moreover, even if actual notice of the particular defect in question was not present, the facts do establish that appellant city was aware of the fact that the sidewalk at 1105 Lincoln Avenue had buckled in 1955. Since appellant's records indicate that this buckling was due to a sycamore tree and since there is no evidence that this tree was ever removed, appellant city could

have anticipated that additional buckling might occur in the same area.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1962. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.