JEFFERSON (Bernard), J.
I dissent.
The majority reverses the judgment in favor of plaintiff on the ground that, as a matter of law, the defect in the sidewalk which caused *735 plaintiff’s injury was “trivial” within the meaning of sections 830 and 830.2 of the California Government Code, and, hence, created no liability on defendant City of Glendale. I disagree with the majority in its conclusion that as a matter of law, viewing the evidence most favorably to plaintiff, the risk created by the sidewalk defect was of such a minor, trivial or insignificant nature in view of the surrounding circumstances, that no reasonable person would conclude that the condition created a substantial risk of injury to a person using the sidewalk with due care.
The majority reaches this result by taking a tortuous and laborious path of analyzing and seeking to distinguish, rationalize and reconcile the numerous cases dealing with the question of what constitutes a trivial as distinguished from a substantial defect, for the purpose of determining whether a condition of public property constitutes a dangerous condition. Since the jury rendered a verdict in favor of plaintiff, there is no power in an appellate court to hold, as a matter of law, that the defect involved in the case at bench was trivial and created no liability on the defendant City of Glendale, if the evidence presented to the jury was such “that reasonable minds could differ as to whether or not the condition was dangerous or defective, or merely trivial. In such a situation, the question was properly one for the trier of fact, and the determination in favor of respondent cannot be overturned on appeal.” (Johnson v. City of Palo Alto (1962) 199 Cal.App.2d 148, 152 [18 Cal.Rptr. 484].)
The majority decides in the instant case that the trial judge’s conclusion that the defect was substantial, based upon his denial of defendant’s motion for judgment notwithstanding the verdict, and the jury’s conclusion that the defect was substantial, not trivial, based upon its verdict in plaintiff’s favor, were not the conclusions of reasonable persons in light of the evidence presented. I disagree. It is my view that the conclusions of the trial judge and the jury that the defect was substantial and constituted a dangerous condition of public property, in light of the evidence presented, were the conclusions of reasonable persons. Hence, I am unable to conclude, as does the majority, that no reasonable person could find from the evidence that the defect involved was substantial rather than trivial or insignificant.
Several witnesses testified as to the variation in the rise in the concrete sidewalk of approximately one-fourth of an inch to approximately one inch. There was testimony that the area involved was a business area and heavily traveled by pedestrians. The plaintiff called as a witness Mr. *736 Turnbow, a safety engineer, who testified that the difference in elevation between the two abutting sections of the sidewalk was sufficiently high to constitute a hazard to a pedestrian attempting to negotiate the area. The expert witness further expressed an opinion that a one-half-inch variation would present a definite hazard to a pedestrian and that a three-fourths of an inch variation would constitute a very significant hazard. The witness further testified that the hazard would become more acute as the elevation became higher.
The evidence presented was thus sufficient for the jury to find that there was a difference in elevation of two abutting areas of the sidewalk from one-fourth of an inch to one inch in height; that the difference in elevation ran approximately six feet across the sidewalk, beginning with a one-fourth of an inch difference to three-fourths of an inch and then proceeding from that point to a one-inch variation which gradually decreased to the curbline. It is significant that the evidence shows that this variation in height between abutting pieces of sidewalk existed in a business area that was heavily traveled. The expert called as a witness by plaintiff expressed an expert opinion, substantiated by valid reasons, that this variation in the height of abutting areas of sidewalk constituted a substantial hazard to pedestrians.
In reaching its conclusion that the defect in the sidewalk was trivial as a matter of law, the majority simply disregards the opinión testimony of Mr. Turnbow, the safety engineer presented by plaintiff, that the defect involved constituted a substantial hazard to pedestrians. The majority opinion states that there was no need for expert opinion evidence on whether the defect was substantial because it is within the common knowledge of lay judges and jurors to determine when a defect in a sidewalk is dangerous. And yet, the majority rejects the jury’s determination, applying its common knowledge to the evidence, that the defect was substantial and dangerous—not trivial.
The view of the majority—that the subject of whether a defect in a sidewalk is substantial or trivial is not a proper subject for expert testimony—is clearly untenable. The trial court admitted the expert’s testimony, and rightly so. The test of admissibility of expert testimony on a particular subject is whether that subject is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact. (See Evid. Code, § 801; Jefferson, Cal. Evidence Benchbook (1972) Opinion Testimony from Expert and Lay Witnesses, §§ 29.4-29.5, pp. 505-517.) It is true that if a particular subject upon which an expert’s *737 opinion is offered is of such common knowledge that persons of ordinary intelligence can draw inferences or conclusions from nonexpert testimony as easily as the witness can, expert opinion testimony is not admissible. But under the test prescribed, the area of admissibility for an expert witness’ opinion is not restricted or circumscribed to any appreciable degree.
The defective condition of floors, sidewalks, walkways, and entrances to buildings has long been considered to be a frequent subject of admissible expert testimony. (See, e.g., Long v. John Breuner Co. (1918) 36 Cal.App. 630 [172 P. 1132] (excessive grade or slope of an apron leading from entrance of store to sidewalk); Massing v. Babcock (1944) 64 Cal.App.2d 752 [149 P.2d 293] (cement sidewalk at entrance to building, slippery because smoothly troweled without abrasive or perforations).) In People v. Jenkins (1975) 13 Cal.3d 749 [119 Cal.Rptr. 705, 532 P.2d 857], the court held, as admissible, opinion testimony of an expert that tools found in the trunk of a defendant’s car were of a type commonly used to commit burglaries. The tools so found were common items such as a crowbar, bolt cutters, tin snips, a wrecking bar and linemen’s pliers. The Jenkins court stated that the subject matter was sufficiently beyond common experience that the opinion of an expert would assist the trier of fact.
In disregarding the expert evidence introduced by plaintiff in the case at bench, the majority ignores the mandate of Evidence Code section 353, subdivision (a), which provides that a verdict shall not be set aside nor a judgment based thereon be reversed by reason of the erroneous admission of evidence unless the record shows an objection to such evidence or a motion to strike such evidence that was timely made. The record in the case before us indicates that defendant made no objection to the testimony of plaintiff’s expert witness to the effect that the defect in the sidewalk was substantial and of a hazardous nature.
This expert testimony was relevant and cannot be disregarded by a reviewing court. Such evidence must be considered in support of the judgment below. Thus, Evidence Code section 140,[1] in defining evidence, does not limit the definition to admissible evidence. The Law Revision Commission’s comment to Evidence Code section 140 states: “The definition includes anything offered in evidence whether or not it is *738 technically inadmissible and whether or not it is received. For example, Division 10 (commencing with Section 1200) uses ‘evidence’ to refer to hearsay which may be excluded as inadmissible but which may be admitted if no proper objection is made. Thus, when inadmissible hearsay or opinion testimony is admitted without objection, this definition makes it clear that it constitutes evidence that may be considered by the trier of fact.”
As stated in Berry v. Chrome Crankshaft Co. (1958) 159 Cal.App.2d 549, 552 [324 P.2d 70], “[t]his testimony, though embracing conclusions, was sufficient to sustain the implied finding of the court’s order. It is settled law that incompetent testimony, such as hearsay or conclusion, if received without objection takes on the attributes of competent proof when considered upon the question of sufficiency of the evidence to support a finding.” (Italics added.) Thus, even if the testimony of safety engineer Turn bow be considered as inadmissible opinion testimony, it must be considered as competent to support the judgment in plaintiff’s favor. However, in my view, the opinion testimony of Turn bow would have been properly admitted even if defendant had made an inadmissible opinion objection to his testimony.
From my review of the record in the instant case, the evidence was clearly sufficient to sustain the jury’s implied finding that the defect was such as to create a dangerous condition of public property. In holding to the contrary, the majority has simply ignored the fundamental rule of appellate review: “In resolving the issue of the sufficiency of the evidence, we are bound by the established rules of appellate review that all factual matters will be viewed most favorably to the prevailing, party [citations] and in support of the judgment [citation]. All issues of credibility are likewise within the province of the trier of fact. [Citation.] ‘In brief, the appellate court ordinarily looks only at the evidence supporting the successful party, and disregards the contrary showing.' [Citation.] All conflicts, therefore, must be resolved in favor of the respondent.” (Nestle v. City of Santa Monica (1972) 6 Cal.3d 920, 925-926 [101 Cal.Rptr. 568, 496 P.2d 480].) (Italics in original.)
In holding that the defect in the sidewalk was trivial as a matter of law, the majority does not reach the issue of whether the defendant City of Glendale had notice of the defect. I would hold, not only that the defect constituted a dangerous condition, but, also, that the evidence was *739 sufficient to establish that defendant had constructive notice of the condition a sufficient time prior to plaintiff’s injury to have taken measures to protect against the condition.
Therefore, 1 would affirm both the judgment and the order denying the motion for judgment notwithstanding the verdict.
Respondent’s petition for a hearing by the Supreme Court was denied September 15, 1977. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

Evidence Code section 140 Provides: “‘Evidence’ means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact.”