[Civ. No. 42100. First Dist., Div. Four. Mar. 31, 1978.]

VAL JEAN BARONE, Plaintiff and Appellant, v.
CITY OF SAN JOSE, Defendant and Respondent.

**COUNSEL**

Bostwick & Rowe and Everett P. Rowe for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel and Philip Young for Defendant and Respondent.

**OPINION**

**WILSON, J.**\*—Plaintiff-appellant Val Jean Barone (hereafter appellant) appeals from a judgment in Santa Clara County Superior Court in favor of defendant-respondent City of San Jose (hereafter the City) following the court's order granting the City's motion for summary judgment in appellant's action for personal injuries sustained when she fell on a public sidewalk.

On February 11, 1976, appellant was delivering telephone directories to residences in the San Jose area. She was carrying two of the books in

---

\*Assigned by the Chairperson of the Judicial Council.

front of her while walking down a public sidewalk on Hibiscus Lane in the City of San Jose. The weather was clear and dry that morning and appellant was looking straight ahead. As she was walking forward, she tripped over a crack, which had resulted in one part of the sidewalk being slightly raised, and fell, sustaining injuries.

After taking appellant's deposition, the City noticed a motion for summary judgment. In support of its motion, the City filed an excerpt from appellant's deposition, the declaration of its attorney, Philip Young, and copies of photographs of the sidewalk crack which was the subject of controversy.[1] The trial court granted the motion, citing *Ness* v. *City of San Diego* (1956) 144 Cal.App.2d 668 [301 P.2d 410]; *Beck* v. *City of Palo Alto* (1957) 150 Cal.App.2d 39 [309 P.2d 125].

Government Code section 835,[2] insofar as it is here applicable, provides that a public entity shall be liable for dangerous conditions on public property if (1) the plaintiff establishes that the property was in dangerous condition at the time of the injury, the injury was proximately caused by the condition and the condition created a reasonably foreseeable risk of the kind of injury incurred, and (2) the public entity had either actual or constructive notice a sufficient time prior to the injury to have taken measures to protect against the condition.

The cases cited by the trial court in its memorandum indicate that the court found the defect in the sidewalk to be "trivial" as a matter of law. This doctrine has its legislative embodiment in section 830.2, which provides: "A condition is not a dangerous condition within the meaning of this chapter if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used."

---

[1] The declaration of Attorney Young states that "Copies of the photographs of the alleged crack are attached hereto and incorporated herein." These photostatic copies were not included in the clerk's transcript but are contained in the superior court file, which has been transferred to this court.

[2] All future statutory references are to the Government Code, unless otherwise specified.

Appellant argues that the court erred in granting summary judgment, contending that the doctrine of trivial defects applies only where it is sought to charge the public entity with constructive, as distinguished from actual, notice of the dangerous condition, and therefore summary judgment in this case was improper because the affidavits submitted left open the possibility that the City had actual notice of the condition in question.

The City, on the other hand, contends that the concept of triviality is significant both in determining whether a claimed defect is in fact dangerous and in determining whether the public entity should be charged with constructive notice of the alleged dangerous condition. It argues that in order to prevail the plaintiff must prove the affirmative of both of these issues and, therefore, if the trial court was correct in concluding that, as a matter of law, the defect was too trivial to be dangerous, the order granting summary judgment must be affirmed and we need not reach the issue of notice.

A number of California cases recognize a dual significance attaching to the concept of triviality, similar to that for which respondent contends. (*Barrett* v. *City of Claremont* (1953) 41 Cal.2d 70 [256 P.2d 977]; *Gentekos* v. *City & County of S. F.* (1958) 163 Cal.App.2d 691, 696-697 [329 P.2d 943].) However, the distinction between the two uses to be made of this doctrine is not always clear and has not always been consistently observed.

In *Nicholson* v. *City of Los Angeles* (1936) 5 Cal.2d 361 [54 P.2d 725], it was assumed that a sidewalk crack which produced a difference in elevation of approximately one to one and one-half inches was a dangerous condition. However, the existence of such a defect for several months, without more, was held insufficient, as a matter of law, to charge the city with constructive notice of the dangerous character of this condition.

*Whiting* v. *City of National City* (1937) 9 Cal.2d 163 [69 P.2d 990], involved a difference in sidewalk elevation of about three-quarters of an inch, at maximum, which had existed for six years. Four persons had tripped over it and the mayor and other city officials had walked frequently, but apparently uneventfully, over this portion of the sidewalk. There was no showing that the city had actual notice of any untoward occurrences. The court used language in its opinion which suggested that it considered the defect too trivial to present a substantial

risk of injury (pp. 165-166), but did not expressly so hold. Instead, relying on *Nicholson, supra,* it held that the defect, even though it had existed for six years, was too trivial to impart constructive notice.

Both *Whiting* and, to a lesser extent, *Nicholson,* have been cited for the proposition that a claimed defect was too trivial to impart constructive notice. (*Balmer* v. *City of Beverly Hills* (1937) 22 Cal.App.2d 529 [71 P.2d 854]; *Meyer* v. *City of San Rafael* (1937) 22 Cal.App.2d 46 [70 P.2d 533]; *Barrett* v. *City of Claremont, supra,* 41 Cal.2d 70.) However, *Whiting* has been frequently, and *Nicholson* occasionally, cited for the proposition that a defect is too trivial, as a matter of law, to constitute a dangerous condition.

Although a number of cases which set forth this latter rule appear to misapprehend the actual holding in *Whiting,* nevertheless, the rule itself is well established and has been consistently applied. (*Ness* v. *City of San Diego, supra,* 144 Cal.App.2d 668; *Beck* v. *City of Palo Alto, supra,* 150 Cal.App.2d 39; *Barrett* v. *City of Claremont, supra,* 41 Cal.2d 70; *Sischo* v. *City of Los Banos* (1940) 37 Cal.App.2d 717 [100 P.2d 305]; *Fielder* v. *City of Glendale* (1977) 71 Cal.App.3d 719 [139 Cal.Rptr. 876].) The development of this rule constitutes a recognition of the following language from *Whiting*: "It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were otherwise the city could be held liable upon a showing of a trivial defect." (*Id.,* at p. 165.)

In some cases in which a particular defect has been held, as a matter of law, not to constitute a dangerous condition because of its "minor, trivial or insignificant nature," the courts have used language, such as a reference to its inconspicuous appearance or location, which would be more appropriate to a discussion of constructive notice. However, this apparent overlap can be readily understood when it is recognized that the concept of "dangerousness," as affected by the alleged trivial nature of the defect, is interwoven with the concept of notice.

Section 835, subdivision (b), requires, as a condition of liability, that the public entity have "actual or constructive notice of the dangerous

condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." Section 835.2 defines notice as knowledge, either actual or constructive, of the existence of the condition and of "*its dangerous character.*" It is apparent therefore that the concept of "dangerousness" is necessarily included within the concept of constructive notice of the "dangerous character" of defect. Obviously, a defect that is too "minor, trivial or insignificant," as a matter of law, to be dangerous could hardly impart notice of its dangerous character.

It has been stated that, if a defect is so minor that its continued existence is not unreasonable, then, "[i]n such case, irrespective of the question of notice of the condition, no liability may result." (*Barrett* v. *City of Claremont, supra,* 41 Cal.2d 70, 73.) However, we think this statement may be overly broad and that it requires some qualification in order that it may be meaningfully applied.

In theory, at least, it would permit a court to find a particular defect too trivial to be dangerous and therefore hold a public entity not liable, as a matter of law, even though the public entity had actual knowledge of prior accidents attributable to the same defect. Evidence from which such knowledge could be reasonably inferred would obviously raise an issue of fact as to either actual or constructive notice of the "dangerous character" of the defect; and evidence of prior accidents, standing alone, would normally be sufficient to raise an issue of fact concerning "dangerousness," thereby precluding a court from finding the defect to be trivial as a matter of law.

The majority opinion in *Fielder* v. *City of Glendale, supra,* 71 Cal.App.3d 719, expressed its disagreement with what it felt to be the holding in *Whiting* that a defect was not dangerous, as a matter of law, despite evidence that four other persons had tripped over it. While we feel the court in *Whiting* correctly held that the defect in question was too trivial to impart notice (there being no evidence that the city was aware of the prior accidents), we agree with the implication in *Fielder* that evidence of the prior accidents alone would be sufficient to raise a jury question as to "dangerousness." We strongly doubt that the *Whiting* court intended its opinion as a holding that a defect which had produced four prior accidents was, as a matter of law, too trivial to be dangerous.

■ Our analysis of the cases in this field, despite some overlapping language, persuades us that the correct approach in cases of this nature is

to determine first if the claimed defect is too trivial, as a matter of law, to be dangerous. An inquiry into this issue is a logical preliminary step before reaching the larger question of whether the nature of the defect, along with other circumstances, is sufficient to raise a jury question concerning notice. ██ ██ This initial inquiry into the question of "dangerousness" would involve consideration of such matters as the size and location of the defect with respect to the surrounding area and lighting conditions and whether it has been the cause of other accidents; while the question of notice would necessarily involve not only the factors which are primarily related to "dangerousness," but also such matters as the visibility of the condition, the frequency of travel in the area and the probability, if any, that a reasonable inspection by the appropriate public officials would have discovered its existence and its dangerous character.

It therefore follows, in this case, that if the trial court was correct in concluding, on the basis of the showing made by the City, that the defect, as a matter of law, was not a dangerous condition because of its "minor, trivial or insignificant nature," then the summary judgment was properly granted.

██ The accepted rules concerning summary judgments require that the moving party show competent evidentiary facts sufficient to establish every element necessary to sustain a judgment in its favor. (*Kelleher* v. *Empresa Hondurena De Vapores, S.A.* (1976) 57 Cal.App.3d 52, 58 [129 Cal.Rptr. 32]; *Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 124].)

██ We are not persuaded that the showing made by the City was sufficient to establish, as a matter of law, that the defect was too "minor, trivial or insignificant" to be dangerous. The only competent materials presented on this point were three copied photographs of the sidewalk, which are somewhat imprecise in quality and susceptible to various interpretations. However, the photographs do reveal an irregular and jagged break, with a difference in elevation of approximately one inch in the area where appellant was walking.

Sidewalk breaks of no greater dimensions were held, along with other circumstances, to present questions of fact for the jury in *Johnson* v. *City of Palo Alto* (1962) 199 Cal.App.2d 148 [18 Cal.Rptr. 484], and *Rodriguez* v. *City of Los Angeles* (1963) 215 Cal.App.2d 463 [30 Cal.Rptr. 180]. While other circumstances in those cases may have figured in the court's

determination that reasonable minds could differ, in the present case the City has put forward no additional information concerning the break and its location, or concerning the existence of records of prior accidents which would enable a determination to be made as to such other circumstances here.

Moreover, appellant's affidavits concerning her efforts to obtain City records relating to possible prior accidents clearly show that this matter has not been fully explored. Such evidence, if it exists, would be relevant not only on the question of notice, but also as to the dangerous or nondangerous nature of the defect and, on the present state of the record, we cannot say that this issue has been resolved in the City's favor.

We do not intend to imply that the question of triviality can never be resolved by summary judgment proceedings. Nor do we necessarily hold in this case that it could not be later determined, on the basis of further evidence, that the defect is too "minor, trivial or insignificant" to be dangerous. Rather, we conclude that, in view of the insufficient showing of facts and circumstances relating to the defect in question, the motion for summary judgment should not have been granted.

The judgment is reversed.

Caldecott, P. J., and Rattigan, J., concurred.