Filed 10/14/22; Modified and Certified for Pub. 11/10/22 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| SALVADOR FAJARDO, | B314031 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. |
| v. | No. 19STCV28455) |
| CYNTHIA A. DAILEY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Daniel M. Crowley, Judges. Reversed.

Raymond Ghermezian and Coralia Lesin for Plaintiff and Appellant.

Demler, Armstrong & Rowland, John R. Brydon and David A. Ring for Defendant and Respondent.

# INTRODUCTION

Salvador Fajardo filed this negligence action against Cynthia Dailey after he tripped and fell on an asphalt patch between two adjacent sidewalk slabs in front of Dailey's property. The trial court granted Dailey's motion for summary judgment, ruling the condition of the sidewalk was a trivial defect. Because Dailey did not meet her burden on summary judgment of showing the defect was trivial as a matter of law, and because Fajardo submitted admissible evidence creating a triable issue of material fact, we reverse.

# FACTUAL AND PROCEDURAL BACKGROUND

A.      *Fajardo Files This Action Against Dailey*

One morning in December 2018 Fajardo went for a walk in his neighborhood. Fajardo was wearing shorts and "tennies." As he ran to reach an intersection before the traffic light turned red, he caught his foot on a lift in the sidewalk in front of Dailey's home and fell, hitting his hands and knee on the ground.

Fajardo filed this action in August 2019 against Dailey, the City of Monrovia, and the County of Los Angeles. In his operative, first amended complaint, he alleged causes of action against Dailey for premises liability and "negligence and property damage." Fajardo alleged Dailey "negligently, carelessly and recklessly owned, maintained, controlled, possessed, repaired, inspected, operated, designed, built, managed and cleaned" the property "in a dangerous condition, so as [to] cause [him] to trip and fall on the sidewalk surface."

2

B. *The Trial Court Grants Dailey's Motion for Summary Judgment*

Dailey moved for summary judgment on the ground "the dangerous condition that [Fajardo] alleges caused injury amounted to nothing more than a trivial defect." Dailey submitted Fajardo's deposition testimony that, after he fell, he measured the height differential with his key and described it as "a little over one inch." Fajardo also testified that the weather was sunny, that he had lived nearby for 13 years, and that he had previously walked on the sidewalk in front of Dailey's house.

Dailey also submitted the declaration of an architect, Thomas Parco, who stated the sidewalk complied with applicable codes, statutes, and regulations and presented "no unreasonable safety hazard." Parco stated that the displacement in the concrete slabs where Fajardo fell created a rise of less than one inch and that the defect was trivial. Parco opined that the black asphalt patch made the displacement clearly visible and that, because Fajardo was traveling down the slope rather than up, it was less likely someone like him would trip. Several photographs attached to Parco's declaration of a tape measure someone placed on the sidewalk suggested the differential was between 10/16 and 13/16 of an inch. The trial court, however, sustained Fajardo's objections to these (unauthenticated) photographs and to Parco's (legal) conclusion the defect was trivial.

In opposition to the motion, Fajardo disputed Parco's measurement of the height differential and argued the height of the displacement, combined with other aggravating factors, made the sidewalk defect nontrivial. Fajardo submitted the declaration of a forensic analyst, Eris J. Barillas, who stated that she visited the site in February 2021 and that, although the asphalt patch

3

had been removed and replaced with concrete, she measured the height differential as approximately one and three-sixteenths inches. Barillas opined that the sidewalk defect had a vertical height differential between one and three-sixteenths and one and one-half inches in December 2018 when Fajardo fell and that the asphalt patch was at least 11 years old. Barillas stated "low lying height differentials often go unnoticed by pedestrians and are likely to pose a significant tripping hazard." She also stated that a photograph Fajardo took two days after his fall showed the asphalt patch was "substantially defective and deteriorated and contains jagged, uneven, and irregularly shaped edges, cracks and loose pieces of asphalt." Barillas opined the asphalt patch was a "tripping hazard" and "not a trivial defect."

The court acknowledged that the parties disputed the size of the height differential, but concluded that Fajardo's evidence the lift was one and three-sixteenths to one and one-half inches high "does not create a triable issue of material fact, considering courts have found height differentials as big as 1 1/2 inches high to be trivial." The court also rejected Fajardo's contention "jagged edges and irregular breaks" in the asphalt patch were aggravating circumstances that precluded summary judgment. The court found the "obvious and distinctive nature of the asphalt patch," rather than making the sidewalk defect more dangerous, was "consistent with a determination that the condition of the sidewalk was a trivial defect." The court granted Dailey's motion for summary judgment, and Fajardo timely appealed from the ensuing judgment.

## DISCUSSION

A. *Applicable Law and Standard of Review*

A court may grant a motion for summary judgment "'only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."'" (*Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657, 668; see Code Civ. Proc, § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) "A defendant seeking summary judgment must show that the plaintiff cannot establish at least one element of the cause of action." (*Regents*, at p. 618; see *Mattei v. Corporate Management Solutions, Inc.* (2020) 52 Cal.App.5th 116, 122.) "Only after the defendant carries that initial burden does the burden shift to the plaintiff 'to show that a triable issue of one or more material facts exists as to the cause of action . . . .'" (*Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 703.)

"'We review a grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law.'" (*Doe v. Roman Catholic Archbishop, supra*, 70 Cal.App.5th at p. 669; see *Luebke v. Automobile Club of Southern California, supra*, 59 Cal.App.5th at p. 703.) We "liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Huckey v. City of Temecula* (2019) 37 Cal.App.5th 1092, 1103 (*Huckey*).)

B.    *Trivial Defects*

Property owners are required "'to maintain land in their possession and control in a reasonably safe condition' [citations] and to use due care to eliminate dangerous conditions on their property." (*Taylor v. Trimble* (2017) 13 Cal.App.5th 934, 943-944.)  But "'a property owner is not liable for damages caused by a minor, trivial, or insignificant defect' on its property." (*Nunez v. City of Redondo Beach* (2022) 81 Cal.App.5th 749, 757; see *Cadam v. Somerset Gardens Townhouse HOA* (2011) 200 Cal.App.4th 383, 388.)  The so-called "trivial defect doctrine" recognizes that "'persons who maintain walkways, whether public or private, are not required to maintain them in an absolutely perfect condition.  The duty of care imposed on a property owner, even one with actual notice, does not require the repair of minor defects.'" (*Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 26-27 (*Kasparian*); see *Cadam*, at p. 389.)

In limited circumstances a court may determine a walkway defect is trivial as a matter of law.  (*Huckey*, *supra*, 37 Cal.App.5th at p. 1104; *Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 567 (*Stathoulis*).)  "Where reasonable minds can reach only one conclusion—that there was no substantial risk of injury—the issue is a question of law, properly resolved by way of summary judgment." (*Stathoulis*, at p. 567; see *Kasparian*, *supra*, 156 Cal.App.4th at p. 28.)  But where "sufficient evidence has been presented so that reasonable minds may differ as to whether the defect is dangerous," summary judgment is inappropriate.  (*Kasparian*, at p. 28.)

"In the sidewalk-walkway context, '[t]he decision whether the defect is dangerous as a matter of law does not rest solely on

6

the size of the crack in the walkway, since a tape measure alone cannot be used to determine whether the defect was trivial.'" (*Nunez v. City of Redondo Beach*, *supra*, 81 Cal.App.5th at p. 757; see *Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 927.) Although a defect's size "'may be one of the most relevant factors' to the court's decision" (*Huckey*, *supra*, 37 Cal.App.5th at p. 1105), the court also must consider "all of the circumstances surrounding the accident that might make the defect more dangerous than its size alone would suggest," including "whether the walkway had any broken pieces or jagged edges." (*Caloroso*, at p. 927.)

C. *Dailey Did Not Meet Her Burden on Summary Judgment To Show the Defect Was Trivial as a Matter of Law*

In her motion Dailey asserted the sidewalk differential was less than one inch. In his supporting declaration, Parco stated: "The displacement in the concrete slabs at an expansion joint, the location reported to be the course [*sic*] of [Fajardo's] trip, created a vertical rise of less than 1 inch." Parco, however, did not state how or why he knew this. He did not say he measured the displacement, nor did he give any other basis for his conclusion. Therefore, it had no evidentiary value and could not support summary judgment. (See *McAlpine v. Norman* (2020) 51 Cal.App.5th 933, 939 [a "'moving party's burden . . . cannot be satisfied by an expert declaration consisting of ultimate facts and conclusions that are unsupported by factual detail and reasoned explanation'"]; *Doe v. Good Samaritan Hospital* (2018) 23 Cal.App.5th 653, 662 [expert's "'opinion unsupported by reasons or explanations does not establish the absence of a material fact issue for trial, as required for summary judgment'"];

*Sanchez v. Kern Emergency Medical Transportation Corp.*
(2017) 8 Cal.App.5th 146, 155 ["'when an expert's opinion is
purely conclusory because unaccompanied by a reasoned
explanation connecting the factual predicates to the ultimate
conclusion, that opinion has no evidentiary value because an
"expert opinion is worth no more than the reasons upon which it
rests"'"].) The closest Parco came to providing a factual basis for
his statement the rise was less than one inch was his reference to
10 photographs (one of which was an image from an internet
search engine function that provides interactive panoramas from
positions on public streets) attached to his declaration. But Parco
did not say he took the photographs, or even who did. Nor did he
state that he based his less-than-one-inch opinion on the
photographs or that the photographs showed the displacement
was less than one inch. And the trial court sustained Fajardo's
objection to the admissibility of those photographs.[1]

Moreover, "size alone is not determinative of whether a rut
presents a dangerous condition." (*Stathoulis*, *supra*,
164 Cal.App.4th at p. 568; see *Kasparian*, *supra*, 156 Cal.App.4th
at p. 28, fn. 38 ["'application of a strict tape measure approach to
determine whether a defect is trivial as a matter of law,
disregards the fact that other factors and circumstances involved
in a particular case could very well result in an entirely different
conclusion from one arrived at by simply measuring the size of a
defect'"].) The court must also consider whether the
circumstances surrounding the accident made the sidewalk

---

[1] Dailey also cited Fajardo's deposition testimony that he
measured the displacement with his key and that it measured a
"little over one inch." A little over one inch, however, is not the
same as "less than one inch."

8

displacement more dangerous than a one-and-one-half-inch sidewalk lift otherwise would be. (*Caloroso v. Hathaway*, *supra*, 122 Cal.App.4th at p. 927; *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 734.) In her motion for summary judgment, the only evidence Dailey presented on the condition of the asphalt patch was Parco's statement that a "black asphalt patch at the displacement provided a distinct color contrast to the surrounding grey concrete making it clearly visible." But neither Dailey nor Parco submitted a photograph or other evidence of the condition of the asphalt patch at the time of the accident. Parco attached to his declaration a copy of an image from the internet of Dailey's address from 2012, but as discussed the trial court sustained Fajardo's objection to that image, which in any event was taken from too far away to show any detail and did not show the condition of the asphalt patch at the time of the accident.

### D. *In Any Event, Fajardo Created Triable Issues of Material Fact That Precluded Summary Judgment*

Even if Dailey had met her moving burden on summary judgment, Fajardo submitted evidence creating triable issues of material fact on the height differential. Barillas stated that, in her opinion, the displacement was one and three-sixteenths to one and one-half inches and that the width of the defect was approximately 30 inches. And unlike Parco, Barillas provided the basis for her conclusion. She stated she "visited the site" after the asphalt patch was removed and replaced with concrete, was "able to take height measurements," and found "a height differential of approximately 1-3/16 inches." She attached photographs of the site taken by her company the day she visited showing the height differential was between 13/16 and one and

9

three-sixteenths inches.[2]  Thus, there was a factual issue about the size of the defect.[3]

Fajardo also submitted evidence creating a triable issue of material fact on whether circumstances or factors other than the height of the differential increased the danger.  Fajardo submitted the only photograph in the record that showed the asphalt patch in any detail: a black and white photograph he took approximately two days after he fell.  Although the copy quality is not the best, the dark-colored asphalt patch is clearly visible and appears to have a rough texture, an uneven surface, and a jagged edge where it meets the concrete.  A few dark spots near the patch appear to be pieces of asphalt that have broken off from the patch.[4]

---

[2]     Although Barillas did not provide the basis for her conclusion the height differential may have been as high as one and one-half inches at the time Fajardo fell, Dailey did not object to this portion of Barillas's declaration.

[3]     The trial court ruled that, even accepting Fajardo's evidence the height differential was as high as one and one-half inches, the dispute did not create a triable issue of material fact. The trial court cited this sentence from the court's opinion in *Stathoulis, supra,* 164 Cal.App.4th at page 568: "Several decisions have found height differentials of up to one and one-half inches trivial as a matter of law."  The court in *Stathoulis* went on to state, however:  "[I]t is also true that as 'the size of the depression begins to stretch beyond one inch the courts have been reluctant to find that the defect is not dangerous as a matter of law.'" (*Ibid.*; see *Fielder v. City of Glendale, supra,* 71 Cal.App.3d at p. 726.)

[4]     For the first time on appeal, Dailey argues Fajardo's deposition testimony contradicted his position that the asphalt

10

The trial court compared the area where Fajardo fell to the "irregular and jagged" sidewalk in *Gentekos v. City and County of San Francisco* (1958) 163 Cal.App.2d 691 (*Gentekos*), which included a "hollowed out space" and a "broken piece" that "projected about two inches above the bottom of the depression." (*Id.* at p. 695.) The trial court concluded Fajardo had "not introduced any evidence showing aggravating circumstances rising to the level of the defect described in *Gentekos* that would create a triable issue regarding whether the defect is trivial." But neither *Gentekos* nor any other case establishes a minimum level of irregularity or jaggedness required to defeat summary judgment. (See, e.g., *Barone v. City of San Jose* (1978) 79 Cal.App.3d 284, 291 [photographs showing an "irregular and jagged break" in the sidewalk with a one-inch difference in elevation precluded a finding of a trivial defect as a matter of law]; cf. *Huckey*, *supra*, 37 Cal.App.5th at p. 1108 [defect was trivial where there were "no broken concrete pieces or jagged concrete edges in the height differential"].) It all depends on the nature of the defect, which in this case, based on the evidence submitted in connection with the motion for summary judgment, was not trivial as a matter of law. Because reasonable minds could differ about whether the condition of the asphalt patch, combined with the one and one-half inch height differential,

---

patch created a dangerous condition. In his deposition Fajardo testified that the "black area" he tripped over had no "jagged edges," that there were no "loose rocks," and that he did not know any other reason the sidewalk was dangerous other than its "height." By not making this argument in the trial court, Dailey forfeited it. (See *Doe v. Roman Catholic Archbishop of Los Angeles*, *supra*, 70 Cal.App.5th at p. 672.)

11

"presented a substantial risk of injury" (*Stathoulis*, *supra*, 164 Cal.App.4th at p. 570), the trial court erred in granting Dailey's motion for summary judgment. (See *Huckey*, at p. 1105 [if "reasonable minds may differ as to whether the defect presents a substantial risk of injury, the court may not conclude that the defect is trivial as a matter of law"].)

## DISPOSITION

The judgment is reversed. Fajardo is to recover his costs on appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.

12

Filed 11/10/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SALVADOR FAJARDO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CYNTHIA A. DAILEY,<br><br>    Defendant and Respondent. | B314031<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV28455)<br><br>**ORDER MODIFYING AND CERTIFYING OPINION FOR PUBLICATION; NO CHANGE IN APPELLATE JUDGMENT** |

THE COURT:

The opinion filed on October 14, 2022 and not certified for publication is modified as follows:

On page 10, line 2 of footnote 3, the word "high" is replaced with "great," so that the sentence reads:

> The trial court ruled that, even accepting Fajardo's evidence the height differential was as great as one and one-half inches, the dispute did not create a triable issue of material fact.

The opinion in this case filed October 14, 2022 was not certified for publication. Because the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the non-party's request for publication under California Rules of Court, rule 8.1120(a), is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the opinion be published in the Official Reports.

This order does not change the appellate judgment.

PERLUSS, P. J.        SEGAL, J.        FEUER, J.