Filed 9/23/25  Harrasser v. City of Buenaventura CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MICHAEL HARRASSER, Plaintiff and Appellant, v. CITY OF SAN BUENAVENTURA, Defendant and Respondent. | 2d Civ. No. B338833 (Super. Ct. No. 56-2021-00550399-CU-PO-VTA) (Ventura County) |

After tripping on a sidewalk, Michael Harrasser sued the City of San Buenaventura (the City) alleging a dangerous condition of public property (Gov. Code,[1] § 835).  Harrasser appeals from the order granting summary judgment in the City's favor.  He contends there is a triable issue of fact as to whether the alleged defect was trivial.  We affirm.

---

[1] All further statutory references are to the Government Code unless otherwise noted.

FACTS AND PROCEDURAL BACKGROUND

In May 2020, Harrasser was walking eastbound on East Warner Street in Ventura, returning home after taking the bus to the grocery store.  Harrasser's foot caught on the sidewalk where a concrete panel met an asphalt ramp, and tripped, twisting his knee.

Prior to the incident, the sidewalk had lifted due to a growing tree root in a planter next to the sidewalk.  In February 2020, the City applied black asphalt to smooth or "ramp" the transition between the sidewalk panels and eliminate any height differential between them.  The sidewalk was removed and replaced several years later in 2023.

Harrasser sued the City in propria persona, alleging causes of action for negligence, willful failure to warn, and dangerous condition of public property.[2]  He contended the raised sidewalk constituted a dangerous condition and that he sustained injury to his right knee.

At his deposition, Harrasser testified that, prior to the incident, he had walked the same route at least five times since the February 2020 asphalt application with no issues.  He had seen the height differential between the concrete panel and the asphalt ramp prior to the May 2020 incident, but was able to avoid as it "didn't seem to . . . bother" him.  He estimated the deviation between the concrete panel and the asphalt ramp measured between one-quarter to three-eighths of an inch.

At the time of the incident, the sidewalk was dry, it was light out, and there were no conditions impeding Harrasser's

---

[2] The trial court sustained the City's demurrer to Harrasser's negligence and willful failure to warn claims, without leave to amend.

view of the sidewalk, such as debris or other obstacles blocking the asphalt transition.

The City moved for summary judgment on Harrasser's remaining claim for dangerous condition of public property, contending the alleged defect was trivial as a matter of law, and that no aggravating circumstances existed rendering the defect dangerous.

The trial court agreed with the City, finding the alleged defect trivial as a matter of law, and that there were no aggravating conditions affecting Harrasser's view of the sidewalk where he tripped.

## DISCUSSION

### Summary judgment

"[A] motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant meets their burden by showing "that one or more elements of the cause of action . . . cannot be established." (*Id.*, subd. (p)(2).) The burden then shifts to the plaintiff "to show that a triable issue of one or more material facts exists as to the cause of action . . . . The plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action." (*Ibid.*)

A defendant moving for summary judgment is not required "to conclusively negate an element of the plaintiff's cause of action. . . . All that the defendant need do is to 'show[] that one or more elements of the cause of action . . . cannot be established' by

3

the plaintiff." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853, fn. omitted.)  "There is a genuine issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id.* at p. 845.)

We review a grant of summary judgment de novo. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.)  We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in their favor. (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)

*Trivial defect*

Public entities are liable for injuries caused by a " '[d]angerous condition,' " defined as "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§§ 830, subd. (a), 835.)

"A condition is not a dangerous condition . . . if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used." (§ 830.2.)

The " 'trivial defect doctrine' . . . reflects an acknowledgement that 'it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel.' " (*Stack v. City of Lemoore* (2023) 91 Cal.App.5th 102, 109–110, fn. omitted (*Stack*).) The doctrine " ' "provides a check valve for the elimination from the court system of unwarranted litigation which attempts to impose upon a property owner what amounts to absolute liability for injury to persons who come upon the property." ' " (*Id*. at p. 110, fn. 6.) "The trivial defect doctrine is not an affirmative defense. It is an aspect of duty that a plaintiff must plead and prove." (*Huckey v. City of Temecula* (2019) 37 Cal.App.5th 1092, 1104 (*Huckey*).)

The " ' "most important" ' factor [is] the defect's size." (*Stack, supra*, 91 Cal.App.5th at p. 111.) Several cases have concluded that elevation deviations in sidewalks of one inch or an inch and a half are trivial as a matter of law absent aggravating factors. (*Barrett v. City of Claremont* (1953) 41 Cal.2d 70, 74 [citing cases up to one and one-half inches]; *Huckey, supra*, 37 Cal.App.5th at p. 1095 [1.21875 inches trivial], but see *Stack*, at pp. 111, 115–117 [one and three-quarter inch deviation, combined with other factors, constituted a dangerous condition].)

Here, Harrasser testified that the area where he tripped had a deviation of approximately one-quarter of an inch to three-eighths of an inch.

Despite the trivial size of the deviation, Harrasser contends the defect was not trivial due to a "jagged edge break in the sidewalk 26 inches long starting 30 5/8 [inches] from the fence with an elevation of 5 3/4 [inches] above the proceeding

5

sidewalk." But the date and location of this alleged condition is unclear, which differs from the deviation Harrasser described at his deposition. Harrasser also contends the deviation did not comply with the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) or the City's Public Works Standard Operating Procedure No. 24.15. But he provides no authority supporting that these standards are determinative—or even relevant—in analyzing the existence of a dangerous condition, or dispositive of the trivial defect issue. Case law indicates the contrary. (See *Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1168, citing *Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 928–929 [plaintiff relying on certain building codes and standards "failed to indicate that these codes and standards have been accepted as the proper standard in California for safe sidewalks"].)

We must consider " 'all of the circumstances surrounding the accident that might make the defect more dangerous than its size alone would suggest.' " (*Huckey*, *supra*, 37 Cal.App.5th at p. 1105.) "These other circumstances or factors include whether there were any broken pieces or jagged edges in the area of the defect, whether any dirt, debris or other material obscured a pedestrian's view of the defect, the plaintiff's knowledge of the area, whether the accident occurred at night or in an unlighted area, the weather at the time of the accident, and whether the defect has caused any other accidents." (*Ibid.*) " 'If these additional factors do not indicate the defect was sufficiently dangerous to a reasonably careful person, the court should deem the defect trivial as a matter of law.' " (*Ibid.*)

We examine de novo the photographs the trial court considered in the summary judgment motion and "reach our own

6

independent conclusions" regarding them.  (*Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 15, 24–25 (*Kasparian*).)  A photograph taken in June 2020, approximately one month after the incident, shows the condition of the sidewalk in essentially the same condition as it was on the date of the incident.  In the photograph, the sidewalk is clear of leaves, trash, or other debris.  At his deposition, Harrasser marked his path of travel on the photograph, indicating with a circle where he struck his foot, which is where the asphalt ramp meets the sidewalk concrete.  In the photograph, the asphalt ramp is black, and the sidewalk is gray.  Harrasser testified nothing obstructed his view of the sidewalk.

There is nothing in the record suggesting that aggravating factors existed rendering the sidewalk a dangerous condition.  There were no obstructions on the sidewalk, and there was nothing blocking Harrasser's view of the sidewalk.  The incident occurred in daylight and the sidewalk was dry.  There was nothing present on the sidewalk to make the ground slippery.  We conclude Harrasser failed to raise a triable issue of material fact regarding aggravating factors.

Harrasser relies on *Kasparian*, *supra*, 156 Cal.App.4th 11; *Sheldon v. City of Los Angeles* (1942) 55 Cal.App.2d 690 (*Sheldon*); *Johnson v. City of San Leandro* (1960) 179 Cal.App.2d 794 (*Johnson*); and *Barone v. City of San Jose* (1978) 79 Cal.App.3d 284 (*Barone*), cases involving defects that were not trivial as a matter of law.  But each of these cases is distinguishable.

In *Kasparian*, *supra*, 156 Cal.App.4th 11, our colleagues in Division Seven of this district determined the trial court "was foreclosed from relying on the trivial defect doctrine to grant" the

7

defendant's summary judgment motion due to "competing, conflicting evidence" presented by the parties' retained experts regarding whether the defect was trivial. (*Id*. at p. 30.) There is no such conflicting evidence here. Harrasser did not rebut the City's expert, who opined that the defect was "minimal."

In *Sheldon, supra*, 55 Cal.App.2d 690, the Court of Appeal again concluded a defect was not trivial as a matter of law where the difference in elevation between two adjoining slabs was one and one-half inches. (*Id*. at pp. 692–693.) Likewise, a defect was not trivial as a matter of law in *Johnson*, *supra*, 179 Cal.App.2d 794 because, after a repaving project, the difference in elevation between the surfaces of a "concrete apron and the new black-topping" was estimated to be one and one-sixteenth to one and three-quarter inches. (*Id*. at pp. 796, 799–800.) And in *Barone*, *supra*, 79 Cal.App.3d 284, "an irregular and jagged break, with a difference in elevation of approximately one inch" could not be said to be trivial as a matter of law. (*Id*. at p. 291.) These cases are factually inapposite because Harrasser testified the alleged defect measured between one-quarter of an inch to three-eighths of an inch, smaller than the defects alleged in *Sheldon*, *Johnson*, and *Barone*.

Based on Harrasser's own testimony, and the record, we agree the City carried its burden to show the defect was trivial as a matter of law. And because there was no evidence of aggravating factors rendering the sidewalk a dangerous condition, summary judgment was appropriate.[3]

---

[3] In light of our conclusion, we do not reach Harrasser's other contentions that the City lacked a reasonable inspection and maintenance system, failed to detect the alleged dangerous condition, and the City had constructive notice of it.

*Harrasser's other arguments*

Harrasser raises two arguments for the first time on appeal: he contends the trial court incorrectly identified the incident's location, and he implies the trial judge was biased against him. Because he failed to raise these issues in the trial court, he may not raise them for the first time on appeal. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) Nor does the record support either argument.

DISPOSITION

The judgment is affirmed. The City shall recover its costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

9

Ronda J. McKaig, Judge

Superior Court County of Ventura

_____

Michael Harrasser, in pro. per., for Plaintiff and Appellant.
Javan N. Rad, City Attorney, Andy H. Viets and Dirk
DeGenna, Assistant City Attorneys, for Defendant and
Respondent.